IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:08-590 |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Elsa G. Montecinos, | ) | |
| Defendant. | ) | |

Defendant has filed a motion to vacate the judgment order under Rule 60(b)(6). ECF No. 1747. The Government filed a response in opposition and a motion to dismiss. ECF Nos. 1751, 1752. Defendant filed a reply. ECF No. 1756.

> Federal Rule of Civil Procedure 60(b)(6) allows for relief from a final judgment for "any other reason that justifies relief." While this catchall reason includes few textual limitations, its context requires that it may be invoked in only "extraordinary circumstances" when the reason for relief from judgment does not fall within the list of enumerated reasons given in Rule 60(b)(1)-(5).

*Aikens v. Ingram*, 652 F.3d 496, 500 (4th Cir. 2011). Therefore, a 60(b)(6) motion must be filed on "just terms," within "a reasonable time," and "have a meritorious claim or defense and that the opposing party not be unfairly prejudiced by having the judgment set aside." *Id.* (citing *Nat'l Credit Union Admin. Bd. v. Gray*, 1 F.3d 262, 264 (4th Cir. 1993)). A "Rule 60(b) motion that challenges 'some defect in the integrity of the federal habeas proceedings' . . . is a true Rule 60(b) motion . . ." *United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005)).

In this instance, Defendant asserts a defect in the habeas proceeding by alleging that the district court failed to address one of the arguments in her motion under 28 U.S.C. § 2255. Specifically, Defendant appears to be arguing that the district court failed to rule on the issue of

whether trial counsel was ineffective for failing to file a motion to suppress evidence, contending that she raised that issue in her § 2255 motion and thus the failure to rule "created a defect in the integrity of the federal habeas proceedings requiring vacatur of her conviction and sentence." ECF No. 1747 at 2.

The instant motion does not set forth a valid basis for relief under Rule 60(b)(6). The Fourth Circuit Court of Appeals has directed that district courts ascertain and address whether Rule 60(b) motions are, in reality, second or successive petitions under § 2255. *See United States v. Winestock*, 340 F.3d 200, 206 (4th Cir. 2003). *See also Gonzalez v. Crosby*, 545 U.S. 524 (2005). "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion for reconsideration." *Winestock*, 340 F.3d at 207; *see also United States v. McRae*, 793 F.3d 392, 397 (4th Cir. 2015).

Defendant's instant motion is, in reality, a second or successive § 2255 motion. She attacks her conviction, arguing the court erred when it found her attorney was not ineffective when he failed to file a motion to suppress. ECF No. 1747 at 14. In addition, she argues the GPS device attached to her car to monitor her whereabouts constituted a search under the Fourth Amendment based on *United States v. Jones*, 565 U.S. 400 (2012), and her attorney was ineffective in failing to "diligently investigate[] the source of the GPS tracking device." *Id.* at 15. To the extent Defendant attempts to utilize a change in the law subsequent to her conviction as a basis for relief, the motion is a habeas petition. *Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005) (holding subsequent change in law not a valid reason for characterizing a motion as one pursuant to Rule 60(b), such an attack is proper in a habeas petition). Finally, Defendant contends the court failed

to respond to her claim regarding "electronic surveillance for eavesdropping that was on the taxi she drove" in its Order denying her original § 2255 motion (ECF No. 1405). While Defendant attempts to characterize the last argument as one showing a "defect in the integrity of federal habeas petitions," in order to remove her motion from the requirements of § 2255 and § 2244, it merely restates a previous argument already ruled upon by the court. See ECF No. 1366 at 8, Gov. motion and memo in support, adopted in court's order at ECF No. 1376 (Defendant failed to show prejudice by explaining how jury's verdict would be different if Defendant's counsel had made a motion to suppress).[1]

All of these arguments are attacks on her conviction and sentence or have previously been resolved on the merits. *Winestock*, 340 F.3d at 206 (noting Supreme Court has ratified treating 60(b) motions as successive § 2255 motions, after the enactment of AEDPA, when they present repetitive claims). As such, her motion is successive and Defendant has failed to first obtain permission from the Fourth Circuit Court of Appeals to file a successive § 2255 motion. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in

---

[1] The Government's response in opposition to Defendant's original § 2255 motion noted ground three, which plausibly involved the GPS device/electronic surveillance on Defendant's vehicle, was "unclear" but stated "[i]t appears Montecinos is claiming that trial counsel was ineffective for failing to have evidence of luggage and money suppressed." ECF No. 1366-1 at 6. No luggage or money, however, was seized during the stop or in the search of Defendant's residence. In her current motion, the court notes Defendant herself described ground three of her previous § 2255 motion as "whether trial counsel was ineffective for failing to challenge or object to the admission of the luggage and money as evidence," making no reference to the GPS device or electronic surveillance. *See* ECF No. 1747 at 12. Similarly, Defendant references ground one as well, which stated "discovery materials, defendant had told her attorney that the government had to show evidence of the money in the luggage and electronic surveillance for eavesdropping that was on the taxi she drove." *See id.* at 16. However, Defendant listed ground one as "whether trial counsel failed to adequately investigate and present character and corroborating witnesses." *Id.* at 12.

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

Defendant's Rule 60(b)(6) motion also fails on the merits. Defendant argues the *Jones* case determined attaching a GPS device to a vehicle, and using that device to monitor the vehicle's movements on public streets, constitutes a search under the Fourth Amendment, requiring a warrant. *Jones*, 565 U.S. at 404. However, it is undisputed *Jones* was decided after Defendant's sentencing, and therefore did not apply to her case. Her attorney would not have been able to challenge the GPS device based on this Supreme Court case, which did not yet exist, and therefore was not ineffective for failing to do so. Likewise, her appellate counsel was not ineffective for the same reason, as her appeal was resolved in 2011, before *Jones* was decided. A change in law does not render her counsel ineffective for failing to anticipate it. *See Ragland v. United States,* 756 F.3d 597 (8th Cir. 2014) (holding trial and appellate counsel did not provide ineffective assistance by failing to anticipate change in law).

Further, even if Defendant could attack her conviction based on the GPS device, she has failed to show she was prejudiced by it. The remedy for a warrantless search, as Defendant claims the GPS tracking device constituted, is to suppress the evidence seized pursuant to that search. No evidence was seized on account of the alleged "warrantless" surveillance; therefore, there would have been nothing to suppress. Defendant was convicted based on testimony, not due to evidence found pursuant to the GPS tracking. See ECF No. 1366-1 at 10 (noting no money or luggage was seized during search, witness testified Defendant told her she delivered cocaine and transported drug proceeds in a suitcase). Therefore, there was no prejudice to Defendant even if the GPS

4

tracker constituted a warrantless search. Accordingly, there is no "meritorious claim or defense" in Defendant's Rule 60(b)(6) motion. *Aikens*, 652 F.3d at 500.

Defendant's motion is a second or successive § 2255 motion, and Defendant has failed to obtain permission from the Fourth Circuit before filing this motion. Therefore, it is dismissed for lack of jurisdiction.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 7, 2017