IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | Cr. No. 3:08-590-CMC |
|---|---|
| v. | |
| Elsa G. Montecinos, | Opinion and Order |
| Defendant. | |

This matter is before the court on Defendant's *pro se* motion for "modification of term of imprisonment pursuant to 18 U.S.C. § 3582(c)(2)." ECF No. 1807. Defendant requests a two level reduction in her sentence pursuant to § 3582(c)(2) and the recently decided Supreme Court case of *Hughes v. United States*, 584 U.S. __, 138 S. Ct. 1765[1] (2018). Defendant has previously been granted a reduction under § 3582(c)(2) and Amendment 782.[2] ECF No. 1697.

Pursuant to *United States v. Goodwyn*, 596 F.3d 233, 236 (4th Cir. 2010), "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications . . . ." Section § 3582(c) "gives a district court one—and only one—opportunity to apply the retroactive amendments and modify the sentence." *United States v. Mann*, 435 F. App'x 254, 254 (2011) (citing *Goodwyn*, 596 F.3d at 236); *see also United States v. Redd*, 630 F.3d 649, 651 (7th Cir. 2011). "[T]he rule is the same for both purely successive § 3582(c)(2) motions and § 3582(c)(2)-based motions for reconsideration: A defendant cannot obtain relief on the basis of such motions, but this prohibition

---

[1] Defendant cited the case as 138 S. Ct. 1040; however, that is the citation to the order granting briefs by *amici curiae*. The substantive decision is cited at 138 S. Ct. 1765.

[2] Defendant was initially sentenced to 160 months. ECF No. 943. Her sentence was reduced to 151 months pursuant to Amendment 782. ECF No. 1697.

is non-jurisdictional and thus subject to waiver." *United States v. May*, 855 F.3d 271, 275 (4th Cir. 2017).

Regardless of the prohibition on successive motions, Defendant's motion for reconsideration fails on the merits because she is not entitled to relief. *Hughes* dealt with binding, Rule 11(c)(1) plea agreements, which set and bind the court to a specific sentence for the defendant. 584 U.S. __, 138 S. Ct. at 1769-70. That case determined defendants sentenced under Rule 11(c)(1) plea agreements were eligible for consideration under § 3582(c)(2). *Id.* Defendant did not plead guilty under a plea agreement, but went to trial. Therefore, *Hughes* has no applicability to her case. In addition, she has already received a sentence reduction pursuant to § 3582(c)(2). Defendant's motion is denied.

**IT IS SO ORDERED.**

s/Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
Senior United States District Judge

Columbia, South Carolina
August 20, 2018